# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID M. LARSEN,**
                  **Petitioner,**

        v.                                                        Case No. 08-CV-860

**MICHAEL S. THURMER,**
                  **Respondent.**

## ORDER DENYING MOTION TO STAY AND HOLD IN ABEYANCE

CHRONOLOGY

     David M. Larsen ("Larsen") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. On October 14, 2008, Larsen, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion for appointment of counsel, and a motion to stay and hold the petition in abeyance. The petition contained eleven specific claims that Larsen asked the court to consider in granting relief.

     The Honorable Charles N. Clevert, Jr. denied the motion to appoint counsel for Larsen, screened the habeas petition according to Rule 4 of the Rules Governing Section 2254 Cases, and ordered the respondent to answer the petitioner's motion to stay. After the parties consented to the jurisdiction of a United States Magistrate Judge, the case was transferred to this court. On February 11, 2009, the respondent filed a brief in opposition to the motion to stay and hold the petition in abeyance, requesting that it be denied and the petition for a writ of habeas corpus dismissed because the petition contains only unexhausted and invalid claims. Larsen filed a reply brief on May 29, 2009, asserting that claims 1, 2, 3, and 4 were exhausted in state court before filing the present petition.

MOTION TO STAY AND HOLD PETITION IN ABEYANCE

For a state inmate to qualify for habeas corpus relief, an applicant must: "(A) exhaust[] the remedies available in the courts of the State; or (B)(i) [prove] there is an absence of available State corrective process; or (ii) [prove] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2544(b)(1).

Instead of denying the petition, the court may grant a motion to stay and hold in abeyance if a petition for a writ of habeas corpus is a mixed petition containing both claims that have been exhausted and unexhausted in state court. Rhines v. Weber, 544 U.S. 369, 275-76 (2005). Ordering that a petition be stayed and held in abeyance allows a petitioner to return to state court to exhaust claims prematurely presented to a the federal court before having the petition decided. Id. at 275. This process preserves the petition when dismissal would essentially bar a future habeas case because of the statute of limitations. Id. at 275.

However, staying and holding a petition in abeyance should be done only in limited circumstances. Id. at 276. To satisfy these limited circumstances, the court must find that there is good cause for the petitioner's failure to exhaust claims in state court; that the petitioner's claims are not plainly meritless; and that the petitioner has not engaged in abusive litigation tactics or intentional delay. Id. at 277-78.

ANALYSIS

The court begins its analysis by determining whether the petitioner has exhausted any valid claims in state court. Initially, Larsen presented eleven different grounds for relief in his petition. He asserts that claims 1, 2, 3, and 4 were exhausted in state court. (Pet'r Reply Br. 2.) He has not presented, nor has this court found, any evidence that grounds 5, 6, 7, 8, 9, 10, and 11 have been exhausted in state court. Therefore, at a minimum, Larsen's petition is a mixed petition. However,

as the court shall discuss below, it is the conclusion of this court that Larsen has failed to exhaust his state court remedies as to any of his claims for relief.

The petitioner begins claims 1, 2, 3, and 4, with, "I was denied effective assistance of counsel because my attorney failed to demonstrate . . . ." (Pet'r Mem. in Supp. Of Pet. 1-4.) When challenged as to whether he is presenting claims that his rights were violated under the Fourth or Sixth Amendment, the petitioner clarified his claims as "being raised as an aspect of the Sixth Amendment ineffective counsel claim." (Pet'r Reply Br. 2, 6.) The plain reading of the petitioner's first through fourth claims leads to the conclusion that he is presenting a claim of ineffective counsel as the basis for his petition for a writ of habeas corpus.

The record discloses that the petitioner appealed his state conviction to the Wisconsin Court of Appeals on the ground that the trial court erred in concluding that the emergency doctrine justified the search of certain property. The only issue presented before the Wisconsin Court of Appeals was the validity of the search of the property. A claim that he received ineffective counsel was never raised in his appeal to the Wisconsin Court of Appeals or any other state court proceeding; therefore, claims 1, 2, 3, and 4 as presented herein were never raised and thus not exhausted in state court.

Despite the apparent intent of claiming ineffective counsel as grounds for habeas corpus relief, the court must liberally construe the pro se litigant's pleadings to allow for a potentially meritorious claim. Boag v. MacDougall, 454 U.S. 364, 365 (1982). If claims 1, 2, 3 and 4 were read in the most liberal terms, they could be viewed as raising a violation of Fourth Amendment rights because Larson's conviction is based upon evidence allegedly obtained through an illegal search and seizure. However, even this broad interpretation would not enable the court to grant a motion to stay and hold the petition in abeyance. This is because when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be

granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). In the case at hand, the petitioner raised the search and seizure argument before the trial court. Larsent then appealed the trial court's decision to admit this evidence recovered as a result of this search, and the Wisconsin Court of Appeals upheld the trial court's decision that the emergency doctrine justified the searching the property. Under the doctrine set forth in Stone, claims 1, 2, 3, and 4 cannot form the basis for seeking habeas corpus relief.

Having concluded that all the claims presented in his petition are unexhausted, the court must address whether Larsen has demonstrated good cause for not exhausting claims in state court. The petitioner asserts that his pro se status qualifies as good cause because he does not have the ability to represent himself. However, courts have repeatedly held that a petitioner's pro se status does not constitute good cause. See, e.g., Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003) (citing Barksdale v. Lane, 957 F.2d 379 (7th Cir. 1992)).

Larsen's petition contains only claims that he has not exhausted in state court and he fails to present good cause for his failure to exhaust these claims. Accordingly, Larsen's motion to stay his petition and hold it in abeyance must be denied and the petition must be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1989).

**IT IS THEREFORE ORDERED** that the motion to stay and hold in abeyance is **denied** and the petition for habeas corpus relief is **dismissed**. Finally, the motion to reconsider the appointment of counsel is **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the petition and this action.

Dated at Milwaukee, Wisconsin, this 17th day of September 2009.

s/AARON E. GOODSTEIN
United States Magistrate Judge

4
Case 2:08-cv-00860-AEG   Filed 09/17/09   Page 4 of 4   Document 22